UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACOB SOSA and AUSTIN BUTLER, et al., Individually and On Behalf of All Others Similarly Situated,<br>　　　Plaintiffs,<br><br>vs.<br><br>DEEP WELL ENERGY SERVICES, LLC, CAMINO AGAVE, INC., and EMBARK HOLDINGS, LTD<br>　　　Defendants. | §§§§§§§§§§§§ | **COLLECTIVE ACTION COMPLAINT**<br><br>CIVIL ACTION NO. 5:19-cv-428 |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Jacob Sosa and Austin Butler, on behalf of themselves and all others similarity situated ("Plaintiffs"), file this Original Complaint, as follows:

### I. PRELIMINARY STATEMENT

1.　　Jacob Sosa and Austin Butler are or were employees of Deep Well Energy Services, LLC, Camino Agave Inc., and/or Embark Holdings, LTD ("Defendants") as rig welders and/or rig helpers. Plaintiffs were hired by Defendants as independent contractors, despite the fact that they worked exclusively for Defendants, and virtually every aspect of their jobs were controlled by Defendants. Defendants misclassified Plaintiffs and their other workers as independent contractors to avoid paying employment taxes, workers' compensation insurance, benefits and overtime. During their time with Defendants, Plaintiffs typically worked at least 10-12 hours per day, often seven days per week. Plaintiffs and other workers for Defendants

were paid on an hourly basis, and were paid the same hourly rate for each hour worked, and thus never received overtime pay.

2. Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. This collective action consists of:

> **ALL INDIVIDUALS WHO WERE (A) EMPLOYED AS WELDERS AND/OR WELDERS' HELPERS BY DEFENDANTS OVER THE PAST THREE YEARS; (B) WERE PAID ON AN HOURLY BASIS; AND (C) WERE CLASSIFIED AS INDEPENDENT CONTRACTORS.[1]**

4. For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5. Plaintiffs are individuals who were formerly employed by Defendants. Plaintiffs' Notices of Consent are attached hereto as Exhibit 1.

6. Defendant Deep Well Energy Services, LLC is a foreign limited liability company with its principal place of business Waynesboro, MS. Deep Well Energy may be served through its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, or where found.

---

[1] Members of this proposed class with be referred to herein as "the Class Members."

7. Defendant Camino Agave, Inc. is a Texas limited liability company with its principal place of business in Floresville, TX. Camino Agave may be served through its registered agent for service of process in Texas, Darren Kolbe, 144 County Road 150#A, Kennedy, TX 78113, or where found.

8. Embark Holdings, Ltd. is a Texas limited partnership with its principal place of business in Laredo, TX. Embark may be served through its registered agent for service of process in Texas, Agave Leasing GP, LLC, 5 Miles North of Zapata on U.S. HWY 83, Zapata, TX 78076, or where found.

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

10. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because one of the Defendants resides in this district and all of the Defendants are residents of the State in which this district is located. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, much of the work performed by Plaintiffs and those

in the proposed class was performed in the Eagle Ford Shale region, and more specifically, in and around the Kennedy/Cotulla area. Many members of the proposed class live and continue to work in the Kennedy/Cotulla area.

## IV. COVERAGE

12. At all relevant times, Defendants have acted, directly or indirectly, as an employer or joint employer with respect to Plaintiffs and others similarly situated. Defendants are or were jointly responsible for all decisions related to the wages to be paid to the Class Members, the work to be performed by the Class Members, the locations of work performed by the Class Members, the hours to be worked by the Class Members, and the compensation policies with respect to the Class Members.

13. At all relevant times, Defendants have each operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendants have each operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiffs, and others similarly situated, were or are employees for Defendants who were engaged in commerce or in the production of goods for commerce.

# V. FACTUAL BACKGROUND

16.     Camino Agave was an oilfield services company that provided a wide range of equipment and services for its drilling operations. Camino Agave supplied tanks and trucks to preform their construction work, rig drilling, facility hook-ups, sandblasting, painting, and reserve pit remediation projects. Camino Agave changed its corporate name and structure to Embark to avoid certain liabilities in 2016.  Embark was then purchased by Deep Well in 2016. Deep Well Energy Services specializes in rig moving, oilfield production and construction services, pipeline or long hauling services.  Deep Well has field offices in Alabama, Louisiana, Mississippi, Oklahoma, Pennsylvania, Texas, and West Virginia.  Deep Well typically has 8 welding crews running at any given time, each employing 8 workers per crew.  Yet, Deep Well classifies all or virtually all of its welders and welders' helpers as independent contractors.

17.     Plaintiffs worked or are working as rig welders or rig helpers and performed work in the field related to rig moving and rig welding. Because Plaintiffs and the other Class Members are or were paid a set, flat hourly rate, and because their schedules are or were set by Defendants, they are not given any opportunity to share in the profit and/or loss of their services. They are or were not allowed the freedom to take or reject assignments - instead they must perform work as ordered to do by Defendants.  The Class Members were expected by Deep Well to arrive at work each morning at 7:00 a.m. and work at least until 5:00 p.m. They were given work assignments by Deep Well personnel, were told what to work on, where, and how long an assignment should take. Except for insignificant occasions, all work performed by the Class Members while working for Deep Well was done for Deep Well.  Because they work full time or

virtually full time for Defendants (often working 70-80 hours per week), they are not allowed an opportunity to expand their business or to take on other jobs for other oilfield service companies. In fact, in 2019, Deep Well attempted to require its welders and helpers to each sign an "Independent Contractor Agreement" which had a provision entitled "Confidentiality of Information/Non-Solicitation," the purported effect of which would have been to prohibit all who signed it from "solicit[ing] or divert[ing] or appropriat[ing] or attempt[ing] to solicit or divert or appropriate...any person employed by [the worker] or any prospective customer, customer, agent, business associate, partner or any person in any business relationship with [the worker]." While Plaintiffs refused to sign this agreement, it illustrates the degree of control Deep Well exerted over its welders and welders' helpers, and the degree to which Deep Well wanted such workers to be and remain economically dependent upon the company.

18.     No exemption excuses Defendants from paying Plaintiffs and the other Class Members overtime rates under the FLSA.  The members of the proposed class were all paid on an *hourly* basis, and thus none of them could fall within any of the white collar exemptions, as the *salary* basis is an essential element of all of the white collar exemptions.

19.     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.  Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

20.     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Plaintiffs have retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Other employees of Defendants have been victimized by the pattern, practice and policy of Defendants. Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

23. Plaintiffs bring their claim on behalf of all current and former Class Members.

24. Defendants' compensation policies and procedures with respect to Plaintiffs and the Class Members and wages paid to Plaintiffs and the Class Members are substantially similar, if not identical.

25. Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiffs or the Class Members.

26. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendants' liability under the FLSA.

27. Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

28. Plaintiffs request that Defendants identify all prospective members of the proposed class of Class Members in order that proper notice of their right to consent to

participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

29. Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

30. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

31. Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

32. The foregoing allegations are incorporated herein by reference.

33. Plaintiffs and others similarly situated were or are non-exempt employees of Defendants.

34. Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

35. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

36. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs and other similarly situated employees.

37.     Plaintiffs, individually and on behalf of others similarly situated, seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII. DESIGNATION OF EXPERT WITNESS

38.     The foregoing allegations are incorporated herein by reference.

39.     Plaintiffs designate the following individual as an expert witness in this case:

Josh Borsellino
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412

As permitted under the FLSA, Plaintiffs seek attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiffs in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of others similarly situated, respectfully request that Defendants be required to answer and appear, and that on final hearing, Plaintiffs and other members of the collective action be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which they, and others similarly situated, may be justly entitled.

          Respectfully submitted,

          /s/ Josh Borsellino
          Josh Borsellino
          State Bar No. 24045532
          Borsellino, P.C.
          1020 Macon St., Suite 15
          Fort Worth, Texas 76102
          Telephone: (817) 908-9861
          Facsimile: (817) 394-2412
          Email: josh@dfwcounsel.com

          **ATTORNEY FOR PLAINTIFFS**